FILED
 2012 Jan-26  PM 03:06
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANNETTE BARBARA CENGR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 11-G-1368-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Annette Barbara Cengr, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM PAIN OR OTHER SUBJECTIVE SYMPTOMS

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See 20 CFR §§ 404.1529 and 416.929;  Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added).  This same standard applies to testimony about other subjective symptoms.  Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561.  Therefore, if a claimant testifies he suffers from pain or other subjective symptoms at level that would prevent work and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's testimony about pain or other subjective symptoms, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's testimony, or if his reasons are not supported by substantial evidence, the testimony of the plaintiff about his subjective symptoms must be accepted as true.

**DISCUSSION**

The plaintiff testified that she was unable to work because of chronic cellulitis.  In particular, she testified that she experienced daily swelling in her legs.  R.

32. The plaintiff testified that she had to lie down and elevate her legs for three to four hours per day due to the pain caused by this swelling. R. 32. She testified that the swelling reached the point at which she felt it necessary to lie down after she had been out of the bed for six or seven hours. R. 32. She testified that during this six hours, she tried to be active most of the time. R. 32. She also testified that when she was sitting, she kept her legs elevated. R. 33.

The ALJ found the plaintiff's testimony about a need to elevate her legs three to four hours a day not credible:

> Evidence inconsistent with the claimant's allegations of disabling lower extremity cellulitis includes a May 5th and 10th, 2009 treatment notes [sic] indicating the claimant had a normal gait. Exhibit 6F, pages 7-8, and 33. Similarly, no treating source indicated the claimant had a medical need to elevate her leg for 3-4 hours a day. This evidence renders the claimant's allegations of disability less than fully credible.

R. 17.

The treatment notes referred to by the ALJ were actually from May 9 and 10, 2009. The plaintiff presented on May 9 with complaints of an abscess on the left lower leg, of one week's duration with increasing pain. R. 432. The abscess was incised and drained on May 9 by Dr. Eich. On May 10 the plaintiff returned for follow-up. Her discharge instructions were to remove the packing from the wound on the following day, and thereafter to swab the incision with triple antibiotic ointment two or three times daily. R. 410. She was to bathe daily in a bathtub with ½ cup of household bleach added to a full tub of water until the abscess healed. R. 410. After that she was to continue

these baths two or three times weekly to reduce the number of infections in the future. R. 410.  These treatment notes indicate the plaintiff walked with a normal and steady gait, and elevating her legs was not in the discharge instructions.

However, contrary to the ALJ's assertion that no treating source had indicated a need to elevate her legs, the following discharge instructions were given on April 19, 2007, following an emergency room visit for an abscess in the right lower leg:

> Elevate [right] leg as much as possible
> Remove packing in abscess in 2-3 days--
> Wound Care
> Antibiotics

R. 175.  Therefore, the ALJ improperly relied upon the lack of such a recommendation from a treating physician to find her not credible.  The ALJ's credibility finding was based upon a false conception of fact, and thus not supported by substantial evidence. Accordingly, under the law of this Circuit, the plaintiff's testimony must be accepted as true, and she is disabled within the meaning of the Social Security Act.

An appropriate order will be entered contemporaneously herewith.

DONE this 26 January 2012.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.